# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RUTHERFORD COUNTY GENERAL SESSIONS COURT et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 3:17-cv-01233 ) CHIEF JUDGE CRENSHAW ) |
| RANDY SHARP BEY, | ) ) |
| Defendant. | ) ) |

## ORDER

Randy Sharp Bey initiated an action in this Court by filing a "Notice of Removal" of a state criminal prosecution against him. It appears he seeks to remove Criminal Action Numbers 4111336, 4111337, 4111338, and 4111508 to this Court from the Rutherford County General Sessions Court. On September 12, 2017, the Court entered an Order (Doc. No. 2) directing Mr. Bey either to pay the $400.00 filing fee or to submit a properly completed Application to Proceed in District Court Without Prepaying Fees or Costs. In addition, the Court instructed Mr. Bey to file, within thirty days of entry of the Order, an amended notice of removal identifying the basis for removal and demonstrating that he is eligible under 28 U.S.C. § 1443 to remove a state criminal proceeding to federal court. The Order also directed Mr. Bey to comply with 28 U.S.C. § 1455(a) by filing, along with his amended notice, "a copy of all process, pleadings, and orders served upon" him thus far in the action and to abide by the procedural requirements for removal set forth in 28 U.S.C. § 1455(b). More than thirty days have now passed since entry of

that Order, but Mr. Bey has not complied with any part of it.[1]

In particular, Mr. Bey has failed to establish his eligibility to remove his criminal cases to this Court or to comply with the procedural requirements for doing so. Accordingly, the petition for removal is **DENIED**, and this matter is **DISMISSED** for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Because the attempted removal was ineffective, there is nothing to remand to the state court.

This is the final Order in this action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] On October 10, Mr. Bey submitted a document entitled "Affidavit of Financial Statement" (Doc. No. 3), but his affidavit does not contain the information required by the Court's standard form Application to Proceed in District Court Without Prepayment of Fees or Costs or establish that he is unable to pay the filing fee. The Court notes now that it is unclear in this Circuit whether payment of a filing fee is required under the circumstances. See Lefton v. City of Hattiesburg, Miss., 333 F.2d 280, 285 (5th Cir. 1964) (holding that no filing fee is required for the removal of a state criminal prosecution to federal court; Alabama v. Lucy, No. 14-00434-KD-N, 2014 WL 4685631, at *1 n.1 (S.D. Ala. Sept. 22, 2014) (same, citing Lefton); 28 U.S.C. § 1914(a) (requiring payment of filing fee only in "any civil action, suit or proceeding"). But see Jones v. Tennessee, No. 2:09-cv-03, 2009 WL 334646 (E.D. Tenn. Feb. 10, 2009) (assessing civil filing fee against incarcerated *pro se* defendant who sought to remove state criminal proceedings to federal court under 28 U.S.C. § 1915); 28 U.S.C. § 1915(a) (authorizing "the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement . . . that such person is unable to pay such fees or give security therefor").